In re WILKES-BARRE LIGHT CO.

(District Court, M. D. Pennsylvania. June 22, 1915.)

No. 2082.

1. BANKRUPTCY ⊚⟿72—CORPORATIONS SUBJECT TO BANKRUPTCY ACT—"MAN-UFACTURING"—"MERCANTILE PURSUIT."

A corporation generating electricity and transmitting it over its wires to its consumers for a consideration is not engaged in "manufacturing" or a "mercantile pursuit," within Bankr. Act July 1, 1898, c. 541, § 4, 30 Stat. 547, as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 (Comp. St. 1913, § 9588), and it cannot be adjudged a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 17; Dec. Dig. ⊚⟿72.

For other definitions, see Words and Phrases, First and Second Series, Mercantile.]

2. BANKRUPTCY ⊚⟿72—CORPORATIONS SUBJECT TO BANKRUPTCY ACT—PUB-LIC SERVICE CORPORATIONS.

A corporation organized under a state statute to manufacture electricity, and supply light, heat, and power by electricity, with the right to a certain extent of exercising eminent domain, and with authority from the state to use the highways of a municipality, subject to reasonable regulations of the municipality, and defined by state statute as a public service corporation, and manufacturing and supplying electricity for light, heat, and power is not within Bankr. Act July 1, 1898, § 4, as amended by Act Feb. 5, 1903, § 3, providing that any corporation engaged principally in manufacturing or mercantile pursuits may be adjudged a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 17; Dec. Dig. ⊚⟿72.]

In Bankruptcy. In the matter of the Wilkes-Barre Light Company, an alleged bankrupt. Demurrer to petition in bankruptcy sustained, adjudication denied, and petition dismissed.

A. Hourigan, Wm. N. Reynolds, Jr., and D. A. Fell, all of Wilkes-Barre, Pa., for petitioners.

Jos. E. Fleitz, of Wilkes-Barre, Pa., C. M. Bowman, of Philadelphia, Pa., and E. G. Butler, Chas. A. Shea, and Geo. J. Llewellyn, all of Wilkes-Barre, Pa., for bankrupt.

WITMER, District Judge. A creditor's petition was filed, on January 24, 1912, against the Wilkes-Barre Light Company. The petition alleges that the company is engaged in business in the city of Wilkes-Barre and is by occupation a merchant, and that while insolvent it committed an act of bankruptcy in applying to the courts of Luzerne county for the appointment of a receiver. On motion a receiver was

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

appointed by this court. Since then three receivers were substituted for the one originally appointed, who have managed the business of the company to date. On February 14, 1912, the company demurred to the petition, assigning five reasons, one of them being the lack of jurisdiction; and on the same day three answers were filed, two by intervening creditors, and one by stockholders and bondholders. On February 17th of the same year the petitioning creditors, the light company, and the intervening creditors agreed on a suspension of proceedings until any of the parties should give 10 days' notice to resume; the object of the agreement being, as stated, for "the purpose of harmonizing all conflicting interests, and promoting the business of the company, and securing to it a full enjoyment of its franchise." Since then the parties to the agreement, having failed in their purpose, moved the court to a determination of the issues presented by the creditor's petition, and the demurrer and the answers thereto, and on consideration the court overruled the demurrer, reserving the matter of jurisdiction, also raised in the answers filed. Testimony was taken, and the matter as presented, determining whether the petition can be maintained, rests in the answer whether a corporation of the character of the light company is embraced in the provisions of the Bankruptcy Act.

The company was incorporated April 19, 1910, in compliance with the requirements of an act of the General Assembly of Pennsylvania entitled "An act to provide for the incorporation and regulation of certain corporations," approved the 29th day of April, 1874 (P. L. 73), and the several supplements thereto, for the purpose of "manufacturing electricity, supplying of light, heat and power by means of electricity to the public in the city of Wilkes-Barre, Luzerne county, Pennsylvania, and to such persons, partnerships, and corporations residing therein or adjacent thereto as may desire the same." It appears in evidence that the company accepted the charter and perfected its organization. The necessary buildings, machinery, and apparatus for supplying light, heat, and power were erected, and means furnished to distribute the same to its patrons, such as department stores, theaters, dwellings, running elevators, etc., from which it realized a gross income of about $30,000 per annum. In brief, the company is in the business of generating electricity and supplying the same to all who may be in need of it at a determined rate of compensation.

[1] Is this company principally engaged in mercantile pursuits, or a merchant, as alleged in the petition, under the term implied in the act? The bankruptcy law (Act July 1, 1898, c. 541, § 4, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1025]), provides that "any corporation engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, owing debts, * * * may be adjudged a bankrupt upon default or an impartial trial," and shall be subject to the provisions and entitled to the benefits of the act. The petitioners insist that the alleged bankrupt is a manufacturer and engaged in mercantile pursuits, and therefore subject to the provisions of the law. The respondents deny this conten-

tion, and argue that, even if this be true, the corporation ought not be regarded otherwise than as a public service corporation, and is therefore beyond the provisions of the act.

The subject of electricity is always interesting, and the study of it opens a field almost without limitation. Much has been said and written, and it yet remains shrouded in mystery, and courts remain divided as to whether electricity is a product to be manufactured. Without attempting a lengthy scientific speculation or rehearsal of conflicting views of opinions of those whose duty it has been to give this matter consideration for one reason or another, I record myself with those of opinion that generating electricity is not manufacturing, nor is the transmitting of electricity over lines of wire to consumers for a consideration a mercantile pursuit, within the meaning of the Bankruptcy Act. To this end the very able opinion of Judge Ray and the authorities there collected in Re H. R. Elec. Power Co., 23 Am. Bankr. Rep. 191, 173 Fed. 934, are indeed very persuasive.

[2] However, if the company should be regarded as manufacturing or engaged in mercantile pursuits, as contemplated by the act, it has authority to do much more. Under authority of its charter and the provisions of Act May 8, 1889, § 2, cl. 1 (P. L. 136), providing that "every such corporation shall have * * * authority to supply light, heat and power, or any of them, by electricity, to the public in the borough, town, city or district where it may be located, and to such persons, partnerships and corporations, residing therein or adjacent thereto, as may desire the same, at such prices as may be agreed upon, and the power also, to make, erect and maintain the necessary buildings, machinery and apparatus for supplying such light, heat and power, or any of them, and to distribute the same, with the right to enter upon any public street, lane, alley or highway for such purpose, to alter, inspect and repair its system of distribution," the company has the right, to a certain extent, of exercising eminent domain, and is therefore correlatively charged with a duty to the public which is no part of the duties of an ordinary corporation "engaged in manufacturing, trading, printing, publishing, mining or mercantile pursuits." It is a utility corporation by necessity of the law creating it as such. The impress of its character is fixed by statute, and though municipal consent may be withheld for a time, as in the case before us, the nature or character of the corporation is not changed, nor is it dependent on the action of the municipality conferring or vacating the right of public franchise. The power and authority to use the highways of a municipality by an electric light company is conferred by the state and not by the municipality. The municipality has but the power to prescribe the manner and mode of using the highways. Hence it has been held that, where such power is exercised unreasonably or arbitrarily, courts will interfere. McQuillin on Municipal Corporations, §§ 728–738.

When the petition was filed the city of Wilkes-Barre had not yet recognized this company with the right of public franchise. Since then this has been conferred by ordinance of the city government. However, this has in no manner changed the nature of its use. It re-

mains but what it was before, and is now only what it was then. The Legislature has also stamped the character and nature of this class of corporations upon their charters, and by Act July 26, 1913, § 1 (P. L. 1374, 1375), defines a public service company without reservation as those including electric corporations.

Being of the opinion that Congress had not intended to include corporations such as this now before the court in the enumeration of section 4 of the Bankruptcy Act, either as it originally stood or as it has since been amended, it follows that adjudication is denied, and the petition is dismissed.